FILED

2014 NOV 14 P 3: 53

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ARCANUM INVESTIGATIONS, INC. ) <br> d/b/a DOCUSEARCH.COM ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Civil Action No. 1:14CV1523 <br> CRIME TIME PUBLISHING ) TSE/IDD <br> COMPANY, INC. ) <br> ) <br> 287 South Robertson Blvd. #224 ) <br> Beverly Hills, CA 90211 ) <br> ) <br> Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Arcanum Investigations, Inc., d/b/a Docusearch.com ("Arcanum"), by counsel, pursuant to 28 U.S.C. § 2201, and Fed. R. Civ. P. 57, and moves this Court for Declaratory Judgment against the Defendant, Crime Time Publishing Company, Inc., ("Crime Time") on the grounds and for the relief as hereinafter set forth:

### PARTIES

1. Crime Time is a California corporation operating from a principal office in Beverly Hills, California, that offers and sells advertising space in conjunction with the public records search services it markets through its website BlackBookOnline.info.

2. Arcanum is a Virginia corporation operating from a principal office in Leesburg, Virginia that also offers public records search services through its website Docusearch.com.

## NATURE OF THIS ACTION

3. This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 seeking a determination that Arcanum has not and does not infringe upon any Crime Time copyright protected work.

## JURISDICTION AND VENUE

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. Venue is appropriate in this district and division pursuant to 28 U.S.C. § 1391 because Defendant transacts business here and committed a substantial part of the acts and occurrences giving rise to this action in this jurisdiction.

6. Upon information and belief, Crime Time, which regularly conducts business in Virginia by targeting customers in Virginia through its Virginia specific online records search products, all of which appear to utilize Virginia public records information located in and originating in Virginia, (*see* BlackBookOnline.com website screenshot, attached hereto as **Exhibit A**), has alleged by letters directed and mailed to Leesburg, Virginia that Arcanum committed and/or continues to commit copyright infringement through utilization of servers located in Virginia.

## FACTS

7. On or about July 21, 2014, Crime Time, through its counsel, sent Arcanum's Chief Executive, Dan S. Cohn, at 717 Galloway St., SE, Leesburg, Virginia, alleging a "massive amount" of copyright infringement of content from the BlackBookOnline.info website.

8. In the same letter, Crime Time cited twenty-five (25) specific "samples" of alleged copyright infringement (*See* July 21, 2014 Letter attached hereto as **Exhibit B**) purportedly occurring by utilization of Arcanum's servers housed at its headquarters in Leesburg, Virginia.

9. The July 21, 2014 letter concludes with a section labeled "Action Demanded" which provides, in pertinent part:

> Your actions constitute copyright infringement under United States Copyright Laws. Under 17 U.S.C. 504, a copyright owner can be awarded damages ranging from $750 to $30,000 *per infringement* and up to $150,000 per infringement where the actions are considered willful. If you continue to engage in copyright infringement after the receipt of this letter, such conduct will bolster a claim for willful infringement.
>
> On behalf of my client, I hereby demand you:
>
> 1. Immediately remove all BlackBookOnline.info text from Docusearch.com and the database supporting the site, and
> 2. Immediately agree that neither you nor anyone acting on your behest or direction will directly or indirectly engage in further unauthorized use of my client's copyrighted works.
>
> If I have not received your affirmative response by the end of the business day on **July 31, 2014** indicating you have fully complied with these requirements, I will advise my client to contemplate pursuing all available legal remedies in connection with this matter.

*Id.* (emphasis in original).

10. After receiving Crime Time's July 21, 2014 letter, Arcanum undertook a thorough review of the allegations made in the letter, and in doing so conducted a comprehensive review of its website content.

11. Ultimately, it became clear to Arcanam that Crime Time's allegations lacked both factual and legal merit.

12. As an initial matter, Arcanum did not utilize the material in which Crime Time claims to have copyright protection.

13. Moreover, and notably, Crime Time does not have an existing copyright registration on any of the material claimed as its copyright protected works of authorship as identified in the July 21, 2014 letter.

14. Additionally, the "works" upon which Crime Time claims copyright protection, could not be registered as the claimed works are nothing more than a compilation of factual material, and, accordingly, they do not contain the requisite modicum of creativity required for protection under United States Copyright law, more specifically 17 U.S.C. 101 *et seq*.

15. To the extent Crime Time supplements the factual compilation on its website with text, those supplements are purely instructional and therefore the so-called works are not eligible for protection under United States Copyright law, more specifically 17 U.S.C. 101 *et seq*.

16. Nevertheless, despite the conclusions reached through Arcanum's comprehensive review, which included a thorough review of its website content, Arcanum changed the instructional text detail of each claimed infringing item identified in the July 21, 2014 letter in an effort to alleviate Crime Time's purported concerns, and Arcanum notified Crime Time of the same.

17. Notwithstanding Arcanum's good faith efforts to alleviate Crime Time's purported concerns regarding the material in which it claims copyright protection, Crime Time has continued to object through a series of correspondence and has continued to insist that Arcanum was then and is currently infringing upon its works.

18. Finally, Crime Time, under the continuing threat of legal action, gave Arcanum a deadline of November 14, 2014 to provide access to the analytics account associated with Docusearch.com.

19. Negotiations and efforts by Arcanum have failed to resolve the dispute between Arcanum and Crime Time, which is ongoing.

## COUNT I
## (DECLARATORY JUDGMENT)

20. Arcanum incorporates by reference as though expressly set forth herein the allegations and averments stated in Paragraphs 1 through 19 to this Complaint.

21. Arcanum has not infringed and does not infringe on any Crime Time copyrighted material, either because those materials is not protectable under the United States Copyright Act or because the standard for a finding of infringement cannot be satisfied by Crime Time.

22. In the alternative to the foregoing paragraph, Crime Time is unable to enforce any copyright rights in the disputed material against Arcanum because Crime Time's attempt to extend copyright rights from protectable portions of its materials to also cover unprotectable facts and instructions constitutes copyright misuse, which is a bar to a finding of infringement.

23. A real and existing controversy exists between Arcanum and Crime Time.

24. As a result of the foregoing described facts there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. A judicial determination is necessary and appropriate so that Arcanum may ascertain its rights regarding the material on its website upon which Crime Time claims copyright protection.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Arcanum Investigations, Inc., requests that judgment be entered against Defendant, Crime Time Publishing Co., Inc., as follows:

1. a declaratory judgment that Arcanum has not and does not infringe Crime Time's claimed works;

2. a declaratory judgment that Crime Time's works are not registered and are not capable of receiving recognition or registration from the United States Copyright Office;

3. an award of Plaintiff's attorneys' fees and costs, to the extent the same may be awarded, pursuant to 17 U.S.C. § 505; and

4. such other relief as this Court may deem appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendants hereby demand trial by jury on all issues so triable.

Date: November 14, 2014

Respectfully submitted,

Arcanum Investigations, Inc.

By Counsel

Respectfully Submitted,

Thomas M. Dunlap (VSB #44016)
Ellis L. Bennett (VSB #71685)
*Attorneys for Plaintiff Arcanum Investigations, Inc.,*

DUNLAPWEAVER PLLC
211 Church Street, SE
Leesburg, VA  20175
(703) 777-7319
(703) 777-3656 (fax)
tdunlap@dunlapweaver.com
ebennett@dunlapweaver.com